**Virginia Anne MARTIN,
Plaintiff–Appellant,**

**v.**

**FIREMAN'S FUND INSURANCE
COMPANY, Defendant–
Appellee.**

**No. 99–17306.**

**D.C. No. CV–98–01236–MJJ (WDB).**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 16, 2001.

Decided April 5, 2001.

Before NOONAN, McKEOWN, and WARDLAW, Circuit Judges.

MEMORANDUM *

Plaintiff Virginia Anne Martin appeals from the district court's grant of summary judgment in favor of her employer, Fireman's Fund Insurance Company ("FFIC"). Martin brought suit against FFIC, alleging that FFIC unlawfully discriminated and retaliated against her based on age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and based on sex in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. She also alleged breach of an implied employment contract. We review de novo the district court's grant of summary judgment, *Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir.2000), and we affirm.

Viewing the evidence in the light most favorable to Martin, *see Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), we assume without deciding that Martin has made a prima facie case of unlawful age and sex discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142–43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (explaining *McDonnell Douglas* burden-shifting framework); *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123 (9th Cir.2000) (describing elements of a prima facie case of discrimination). Nevertheless, FFIC has articulated a legitimate, nondiscriminatory reason for the alleged adverse employment actions (i.e., Martin's performance), and Martin has come forward with no evidence indicating that the proffered reason is false or that her age or sex played any role in FFIC's conduct.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**854**

Therefore, the Supreme Court's recent clarification of Martin's burden at the *McDonnell Douglas* pretext stage does not save her claim. *See Reeves*, 530 U.S. at 135, 120 S.Ct. 2097 ("[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.").

With respect to Martin's retaliation claim, because Martin has come forward with no evidence of a causal connection between her age and sex discrimination complaints and the alleged adverse employment actions, she has not made a prima facie case. *See Morgan v. Nat'l R.R. Passenger Corp.*, 232 F.3d 1008, 1017 (9th Cir.2000) (describing elements of the prima facie case for retaliation claims).

Finally, because Martin has presented no basis for her implied contract claim, we reject it as well.

AFFIRMED.